UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA A. HAMILTON | : | Case No. 1:06-cv-821 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| UNION SECURITY INSURANCE COMPANY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW (Doc. 25) BE GRANTED; (2) DEFENDANT'S MOTION TO DENY RELIEF AND AFFIRM THE ADMINISTRATIVE DECISION (Doc. 31) BE DENIED; AND (3) THIS CASE BE CLOSED**

This civil case is before the Court upon the parties' cross motions for judgment: (a) Plaintiff Patricia A. Hamilton's motion for judgment as a matter of law (Doc. 25), and the parties responsive memoranda (Docs. 29, 30, 36); and (b) Defendant Union Security Insurance Company ("USIC")'s motion to deny Plaintiff's request for relief and to affirm the administrative decision denying Plaintiff's application for disability benefits (*see* Doc. 31[2]), and the parties responsive memoranda (Docs. 32, 35). The motions are ripe for review.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Doc. 31 is a duplicate of Docs 29 and 30.

-1-

## I.  PROCEDURAL HISTORY AND BACKGROUND

Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging wrongful denial of long term disability benefits.  (Doc. 4).  Plaintiff claims that she is disabled due to, *inter alia*, osteoarthritis, chronic pain, spondylosis, tendonitis, fatigue, weakness, Epstein-Barr, fibromyalgia, Reynaud's syndrome, edema, allergic reactions, and chemical sensitivities.  (Doc. 4 at ¶ 8).  According to the allegations in the complaint, Plaintiff was employed by the Shepherd Chemical Company as a Quality Control Technician until August 9, 2004, when her medical condition so deteriorated that she could no longer work.  (*See id.* at ¶¶ 1, 4).  Her application for short term disability benefits was initially approved.  (*See id.* at ¶ 8; Doc. 25 at p. 2).

The claims adjuster, however, believed that Plaintiff's alleged disability was work-related and directed her to apply for Worker's Compensation benefits.  (*See* Doc. 25 at p. 2 (citing Administrative Record at US 68) (hereinafter "US __")).  The Worker's Compensation claim was denied based on a finding that there was no evidence that Plaintiff sustained a physical injury or contracted an occupational disease.  (US 1031).

On November 4, 2004, Plaintiff attempted to return to work.  (*Id.*)  Her attempt lasted four days, or until November 8, 2004.  (*See id.*)  Plaintiff has not worked since that day; although she tried to work on November 11, 2004, she left work after only a couple

of hours.  (*Id.*)

On December 9, 2004, Plaintiff submitted her claim for long term disability benefits.  (US 1237).  The claim form included an Attending Physician's Statement ("APS") prepared by Jonathon Bernstein, M.D.  (US 1241-42).  Dr. Bernstein listed a diagnosis of vasomotor rhinitis with subjective symptoms of fatigue, swollen gland, headaches, congestion and post nasal drip.  (US 1241).  His objective findings included the results of a radioallergosorbent test ("RAST") which was negative for sensitization to allergy, and a CT showing minimal sinus disease.  (*Id.*)  Dr. Bernstein summarized Plaintiff's limitations as follows:

> [Patient] has been exposed to chemicals for many years.  She has become very sensitive (irritated by) these chemicals.  Exposure now causes the symptoms listed in the diagnosis section.  Patient needs to be placed in a chemical free environment - office type setting.

(US 1242).  He further stated that her prognosis was good if she avoided chemical irritants.  (*Id.*)

A second APS was submitted by Dr. Bernsteinon April 11, 2005.  (US 992-993).  The revised diagnoses included, in addition to vasomotor rhinitis: chronic Epstein Barr, osteoarthritis, edema of the legs (unknown etiology) and possible fibromyalgia.  (US 992).  Dr. Bernstein identified subjective symptoms of pain in the muscles and joints, fatigue, nasal congestion, postnasal drip, and headaches.  (*Id.*)  Dr. Bernstein's objective findings were a RAST consistent with vasomotor rhinitis and labs consistent with Epstein Barr.  (*Id.*)  Dr. Bernstein also identified additional limitations, including difficulty

performing fast paced work due to insomnia, confusion, joint pain, and swelling; restricted movement due to arthritis; and fatigue due to Epstein Barr virus.  (US 993).

Plaintiff's claim for long term disability benefits was also supported by medical records from Dr. Bernstein and two other physicians: Steven Sterneberg, M.D., and Douglas Lienesch, M.D.

On August 10, 2005, the insurer denied Plaintiff's long term disability claim based on its finding that, based on the medical and vocational evidence in the file, Plaintiff's medical condition did not prevent her from performing her regular occupation.  (*See* US 207-211).

Plaintiff's request for review was denied on the same grounds, *i.e.*, she did not meet the policy's definition of disability because her condition did not prevent her from performing the material duties of her regular occupation.  (US 175).  On final administrative review, the Disability Appeals Review Committee ("Appeals Committee") upheld that decision (*see* US 155), and this civil action followed.

In her motion for judgment as a matter of law, Plaintiff argues first that a *de novo* standard of review should apply because an "arbitrary and capricious" standard is unconstitutional.  (*See* Doc. 25).  She argues next that even if an arbitrary and capricious standard were applied, review of the evidence would show that the Appeals Committee's decision is not supported by substantial evidence.  (*Id.*)  She also maintains that the Appeals Committee's decision was flawed because it was the result of a conflict of

-4-

interest. (*Id.*) Finally, Plaintiff argues that she is entitled to judgment in her favor because the Committee violated procedural protections as set out in ERISA. (*Id.*)

Defendant USIC, the insurer, asserts in response that the decision to deny Plaintiff's claim for long term disability benefits should be upheld because it was rational in light of the plan's provisions and included a reasoned explanation based on the evidence. (*See* Doc. 30). USIC also rejects Plaintiff's assertions that the arbitrary and capricious standard is unconstitutional or that she was denied any procedural protections. (*Id.*)

The matter is fully briefed and ripe for review.

## II. STANDARD OF REVIEW

The Court reviews *de novo* a denial of benefits under an ERISA plan "unless the benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *University Hosps. v. Emerson Elec. Co.,* 202 F.3d 839, 845 (6th Cir. 2000). If an administrator has such discretionary authority, the Court reviews the denial of benefits under the arbitrary and capricious standard. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 111 (1989); *University Hosps.,* 202 F.3d at 845.

The arbitrary and capricious standard applies in the present case because the long term disability insurance policy at issue gives USIC "sole discretionary authority to determine eligibility for participation or benefits and to interpret the terms of the policy."

(US 41).  "When a plan administrator has discretionary authority to determine benefits, [the Court] will review a decision to deny benefits under 'the highly deferential arbitrary and capricious standard of review.'"  *Sanford v. Harvard Indus., Inc.*, 262 F.3d 590, 595 (6th Cir. 2001) (quoting *Yeager v. Reliance Standard Life Ins. Co.,* 88 F.3d 376, 380 (6th Cir. 1996)).

Nonetheless, as noted by the Sixth Circuit, merely because the review is deferential does not mean that it is inconsequential.  *Moon v. UNUM Provident Corp.,* 405 F.3d 373, 378-79 (6th Cir. 2005).  The court explained as follows:

> While a benefits plan may vest discretion in the plan administrator, the federal courts do not sit in review of the administrator's decisions only for the purpose of rubber-stamping those decisions.  As we observed recently, "[t]he arbitrary-and-capricious ... standard does not require us merely to rubber stamp the administrator's decision." *Jones v. Metropolitan Life Ins. Co.*, 385 F.3d 654, 661 (6th Cir. 2004) (citing *McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 172 (6th Cir. 2003)).  Indeed, '[d]eferential review is not no review, and deference need not be abject." *McDonald*, 347 F.3d at 172.  Our task at all events is to "review the quantity and quality of the medical evidence and the opinions on both sides of the issues."

*Id.*

Only if the administrative record supports a "reasoned explanation" for the termination of benefits, will the decision be upheld as not arbitrary or capricious. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000) (cited in *Moon*, 405 F.3d at 379).

Plaintiff argues that the arbitrary and capricious standard is unconstitutional and thus *de novo* standard of review should apply. In support of her argument, she asserts that plan participants and beneficiaries have a statutory right to plenary judicial review that cannot be contracted away by the insurer's use of self-serving language. She further suggests that the Supreme Court violated the Constitution's separation of powers in deciding *Firestone* when it determined otherwise. Her argument is not well-taken.

In deciding that the appropriate standard under ERISA was arbitrary and capricious where an administrator has discretionary authority, the Supreme Court noted the absence of any language in the statute itself setting out a standard of review. *See Firestone*, 489 U.S. at 109. The Supreme Court derived the standard from the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c), after noting "Congress's general intent to incorporate much of LMRA fiduciary law into ERISA." *Id.* (citing (*NLRB v. Amax Coal Co.*, 453 U.S. 322, 322 (1981)).

The Court need not rule on the constitutionality of the arbitrary and capricious standard in order to resolve the benefits claim which is now before the Court. Even when the more deferential standard is applied, the record does not support a finding that the decision to deny Plaintiff's claim for long-term disability benefits was rational in light of the policy provisions.

## III.  ANALYSIS

The decision to deny Plaintiff's claim for long-term disability benefits was not rational in light of the policy provisions.  The policy at issue in this case provides that an insured employee is disabled if:

> During the first 36 months of a period of disability (including the qualifying period), an injury, sickness, or pregnancy requires that you be under the regular care and attendance of a doctor and prevents you from performing at least one of the material duties of your regular occupation.

(US 27).  Material duties are the set of tasks or skills required generally by employers from those engaged in a particular occupation.  (*Id*.)  One material duty of " regular occupation" is the ability to work for an employer on a full-time basis as defined in the policy.  (US 28).

As a quality control technician, Plaintiff was required to sit for a total of one hour during the day, stand for six hours, and walk for one hour.  (US 1237-1238). Additionally, Plaintiff was required to lift up to twenty-five pounds occasionally and "push or pull up to one hundred pounds a week."  (US 273).  Plaintiff's position is generally classified as requiring between light and medium physical demands.  (US 138). The lifting requirements place Plaintiff in the medium level of duty, while pushing or pulling fifty to one hundred pounds is consistent with a heavy work level.  (*Id*.)  Plaintiff also worked with chemicals on a regular basis.  (US 1237-1238).

Exertional standards are found in 20 C.F.R. § 220.132. Pursuant to the Social Security Regulations,[3] light work is defined as

> "lifting no more than twenty pounds at a time with frequent lifting and/or carrying of objects weighing up to ten pounds. *Even though the weight lifted in a particular light job may be little, a job is in this category when it requires a good deal of walking or standing – the primary difference between sedentary and most light jobs.* A job is also in this category when it involves sitting most of the time but with some pushing and pulling...which requires greater exertion than sedentary work...Relatively few unskilled light jobs are performed in a seated position...The full range of light work requires standing or walking, off and on for a total of approximately 6 hours of an 8-hour workday."

SSR § 83-10, 1983 SSR LEXIS 30, at *13-14 (1983) (emphasis added).

Plaintiff was diagnosed with Epstein-Barr infection, chronic myofascial pain syndrome, chronic fatigue syndrome, incomnia, fibromyalgia[4] and irritable bowel syndrome. (US 279-281). Accordingly, Plaintiff's treating physicians, Drs. Blatman and Sterneberg, both found that during an eight hour workday, Plaintiff is unable to stand or walk for more than fifteen minutes at a time, for a maximum of six hours per day, sit two and a half hours a day for only fifteen to thirty minutes at one time, and that Plaintiff requires at least two hours of bed rest during the day. (US 279-287). Dr. Blatman also

---

[3] Courts are required to take judicial notice of the Social Security Regulations and related documents persuant to Fed. R. Evid. 201. *Brooking v. Hartford Life & Accident Co.*, 167 Fed. App. 544, 549 (6th Cir. 2006).

[4] "The disease [fibromyalgia] itself can be diagnosed more or less objectively ..., but the amount of pain that a particular case produces cannot be." *Pralutsky v. Metropolitan Life Ins. Co.,* 316 F. Supp. 2d 840, 853 (D. Minn. 2004).

-9-

documented extensive environmental restrictions including: heights, *chemicals*, heat, dust and humid conditions. (US 282-284). Additionally, Plaintiff's treating physicians found that Plaintiff could occasionally lift between one to twenty-five pounds, carrying one to ten pounds and push and pull between fifty to one hundred pounds. (*Id.*) Moreover, Dr. Blatman opined that Plaintiff would not be able to work a forty-hour week because of pain, fatigue and other limitations (US 282-284) and Dr. Sterneberg estimated that Plaintiff's medical condition would cause her to be absent from work as much as fifty percent of the time (US 279-281). These assessments prevent Plaintiff from working her current job, which requires seven hours of standing and walking and contact with chemical agents. (US 1237-1238).

Furthermore, William Tim Cody completed a vocational report for Plaintiff, finding with reasonable degree of vocational certainty, that Plaintiff is permanently and totally occupationally disabled. (US 383).

Despite the assessments of Plaintiff's treating physicians, USIC claims that Plaintiff can perform her job functions based on the findings of Plaintiff's Functional Capacity Evaluation ("FCE"). On July 12-13 2005, a physical therapist conducted a FCE for Plaintiff. (US 782-818). The evaluation concluded that Plaintiff was able to meet her occupational demands, "with the *exception* of lifting up to 30 pounds, constant standing, and constant walking." (US 782) (emphasis added). The FCE is therefore flawed, because Plaintiff cannot meet her occupational demands if she cannot stand and/or walk

for seven hours a day.  Furthermore, the evaluation states that "testing for chemical sensitivity is outside the scope of this functional evaluation."  (*Id*.)  This is highly relevant given the fact that Plaintiff cannot be around chemicals, but that constant exposure to chemicals is a central function of her job.  (US 1237-1288).

Instead of considering the evidence of Plaintiff's treating physicians and the vocational expert, the record reflects that USIC relied on a form dated October 13, 2004, in which Dr. Sterneberg "estimates" that Plaintiff may be able to return to work on November 5, 2004.  (US 1257).  However, this same form indicates that Plaintiff cannot stand for a prolonged period of time, despite the fact that Plaintiff's occupation requires standing and walking for seven hours a day.  (*Id*.)

Additionally, USIC improperly asserts that Plaintiff's employer was willing to accommodate Plaintiff's disabilities.  (Doc. 31).  There is no evidence in the record that USIC properly communicated to Plaintiff's employer the necessary physical accommodations that Plaintiff required in order to fulfill her employment obligations.

In this case, the administrative decision improperly ignored the treating physicians, instead relying on information taken out of context.  *Spangler v. Lockheed-Martin Energy Sys.*, 313 F.3d 356, 362 (6th Cir. 2002).  The Sixth Circuit has repeatedly condemned selective review of medical evidence.  "The hallmark of a reasoned explanation is not the selective picking and choosing to reverse engineer a diagnosis  – a reasoned explanation must be consistent with the quality and quantity of the medical evidence."  *Moon v. Unum Provident Corp*., 405 F.3d 373, 381 (6th Cir. 2005).

The evidence in the record overwhelming establishes Plaintiff's inability to do her job.  Even under the arbitrary and capricious standard, whether the decision to deny benefits will be sustained is contingent on whether the Administrator's decision "is the result of deliberate, principled reasoning process and it is supported by substantial evidence."  *Baker v. United Mine Workers of Am. Health & Ret. Funds*, 929 F.2d 1140, 1144 (6th Cir. 1991).  The decision will only be upheld if there is a "deliberate, principled and reasoned decision."  *Elliott v. Metro. Life Ins. Co.*, 473 F.3d 613, 617 (6th Cir. 2007).

The administrative record does not support a "reasoned decision" for the termination of benefits.  Furthermore, the substantive evidence supporting Plaintiff's claim for disability is compelling and substantial.  Accordingly, the motion for judgment on the merits should be denied, and judgment should be entered in favor of Plaintiff on her ERISA claim.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for judgment as a matter of law (Doc. 25) be **GRANTED**;

2. Defendant's motion to deny relief and affirm the administrative decision (Doc. 31) be **DENIED**;

3. Judgment be **ENTERED** in favor of Plaintiff awarding her long term disability benefits; and

4. This case be **CLOSED**.

Date:  <u>August 25, 2008</u>                             s/ Timothy S. Black
                                                          Timothy S. Black
                                                          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA A. HAMILTON | : | Case No. 1:06-cv-821 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| UNION SECURITY INSURANCE COMPANY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).